UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHESTER HORN, INDIVIDUALLY, and as
ADMINSTRATOR OF THE ESTATE OF DAVID
HORN, GLADYS HORN, DAVID HORN, JR., DIANA
HORN and PATRICIA HORN

                Plaintiffs,

        -against-

NEW YORK STATE TROOPER RICHARD O'BRIEN,
NEW YORK STATE TROOPER TIMOTHY SAMMON,
CITY OF YONKERS POLICE OFFICER ROY PILOT,
CITY OF YONKERS POLICE OFFICER KEVIN
WISSNER and CITY OF YONKERS POLICE
DETECTIVE WILLIAM CRAFT

                Defendants.
----------------------------------------------------------------------X

**COMPLAINT**

CIV. NO. 07 CIV 7822

     Plaintiffs, CHESTER HORN, INDIVIDUALLY, AND AS THE ADMINSTRATOR OF THE ESTATE OF DAVID HORN, GLADYS HORN, DAVID HORN, JR., DIANA HORN, and PATRICIA HORN complaining of the defendants, by their attorney, Michael P. Barnes, hereby allege:

### INTRODUCTION

1.) This is a case for the wrongful shooting death of plaintiff David Horn ("Horn"). In the early morning hours of March 19, 2005, plaintiff Horn was shot and killed by defendants following a motor vehicle chase. Defendants' actions in shooting and killing plaintiff Horn were without justification and in violation of his civil and constitutional rights.

### JURISDICTION

2.) This is an action for money damages brought pursuant to 42 USC §§ 1983 and 1988, and the Fourteenth Amendment of the United States

        Constitution and on the pendent jurisdiction of this court to entertain claims based on state law.

3.)     Jurisdiction is based on 28 USC §§ 1331 and 1343.

4.)     Prior to the commencement of this action, and within ninety days after the claim herein sued upon arose, plaintiffs caused a Notice of Claim, in writing and sworn to by the plaintiffs, to be served upon the defendants CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER and CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT, by delivering to and leaving the same with the Yonkers Corporation Counsel's Office, in like manner as the service of a summons in the Supreme Court, which said Notice of Claim set forth in the name and post office address of the plaintiffs and their attorney, the nature of, time when, place where, and manner in which the claim arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

5.)     More than thirty days have elapsed since such claims and demands were so presented, and the defendants have refused to make an adjustment or payment thereof.

6.)     This action was commenced within one year and ninety days after the cause of action accrued.

## PARTIES

7.)	At the time of the incident complained of, decedent DAVID HORN was a resident of the County of BRONX, City and State of New York.

8.)	The plaintiff, CHESTER HORN, is the Administrator of the Estate of David Horn. Letters of Administration were granted to him by the County of Bronx Surrogate court on June 8, 2006.

9.)	Plaintiff CHESTER HORN is the father of DAVID HORN.

10.)	Plaintiff GLADYS HORN is the mother of DAVID HORN.

11.)	Plaintiff DAVID HORN JR. is the son of DAVID HORN

12.)	Plaintiff DIANA HORN is the daughter of DAVID HORN

13.)	Plaintiff PATRICIA HORN is the sister of DAVID HORN

14.)	Defendant RICHARD O'BRIEN was at all times relevant to this complaint a duly appointed and acting officer of the New York State Police, acting under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

15.)	Defendant TIMOTHY SAMMON was at all times relevant to this complaint a duly appointed and acting officer of the New York State Police, acting under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

16.)	Defendant ROY PILOT was at all times relevant to this complaint a duly appointed and acting officer of the City of Yonkers Police Department,

acting under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Yonkers.

17.) Defendant KEVIN WISSNER was at all times relevant to this complaint a duly appointed and acting officer of the City of Yonkers Police Department, acting under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Yonkers.

18.) Defendant WILLIAM CRAFT was at all times relevant to this complaint a duly appointed and acting officer of the City of Yonkers Police Department, acting under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Yonkers.

**FACTS**

19.) In the early morning hours of March 19, 2005, plaintiff was operating a motor vehicle.

20.) At or about said time, defendants engaged in a motor vehicle chase of plaintiff in his vehicle.

21.) Plaintiff brought his vehicle to a halt at the vicinity of 57 Alexander Place, Yonkers, New York.

22.) Defendants thereafter drew firearms and killed plaintiff in his vehicle.

23.) Defendants' use of deadly force was unreasonable, excessive and without excuse or justification.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF ESTATE OF DAVID HORN, PURSUANT TO 42 USC 1983

24.) Paragraphs 1 through 23 of this complaint are incorporated by reference as if fully set forth herein.

25.) As a result of the foregoing, the defendants, acting under color of state law, deprived DAVID HORN of rights secured by the Constitution and Laws of the United States and the Constitution and Laws of the State of New York.

26.) In so acting the defendants knew or should have known they were violating the constitutional and other rights of plaintiff DAVID HORN.

27.) Plaintiff DAVID HORN was forced to and did endure great fright, pain and suffering as a result of defendants' actions.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF CHESTER HORN, GLADYS HORN, DAVID HORN, JR., DIANA HORN and PATRICIA HORN, FOR WRONGFUL DEATH AND PURSUANT TO 42 USC 1983

28.) Paragraphs 1 through 28 of this complaint are incorporated by reference as if fully set forth herein.

29.) Plaintiffs CHESTER HORN, GLADYS HORN, DAVID HORN, JR., DIANA HORN and PATRICIA HORN claim damages for the wrongful death of DAVID HORN and for the loss of his income, services, protection, care, assistance, society companionship, comfort, guidance, counsel, intimate association and advice and for funeral and burial expenses under 42 USC 1983 and the New York wrongful death statute.

30.)  As a result of the foregoing, the defendants, acting under color of state law, deprived CHESTER HORN, GLADYS HORN, DAVID HORN, JR., DIANA HORN and PATRICIA HORN of their right to intimate family association secured by the Constitution and Laws of the United States and the Constitution and Laws of the State of New York.

31.)  In so acting the defendants knew or should have known they were violating the constitutional and other rights of plaintiff DAVID HORN.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF ESTATE OF DAVID HORN, FOR NEGLIGENCE

32.)  Defendants had and assumed a duty to exercise due care to avoid placing plaintiff DAVID HORN at foreseeable risk of harm.

33.)  By virtue of the allegations set forth above, defendants failed to exercise such due care required under the circumstances, thereby directly and proximately resulting in injury being suffered by plaintiff DAVID HORN.

## JURY DEMAND

Plaintiffs hereby demand trial by jury.


WHEREFORE, plaintiffs pray that judgment be granted in their favor and against the NEW YORK STATE TROOPER RICHARD O'BRIEN, NEW YORK STATE TROOPER TIMOTHY SAMMON, CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER

and CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT in the amount of FIFTEEN MILLION ($15,000,000.00) DOLLARS on each cause of action, and because the defendants acted wantonly, willfully, and in deliberate violation of plaintiffs' constitutional rights, plaintiff is entitled to receive punitive damages against the defendants in the sum of FIFTEEN MILLION ($15,000,000.00) DOLLARS, together with attorney's fees and such fees and disbursements as provided for pursuant to 42 U.S.C.A. §1989, costs, disbursements of this action, and such other and further relief as the Court deems just.

_____
**MICHAEL P. BARNES**
Attorney for Plaintiff
89 Fifth Avenue, Suite 900
New York, New York 10003
(201) 541-8750