UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHESTER HORN, INDIVIDUALLY, and as
ADMINISTRATOR OF THE ESTATE OF DAVID
HORN, GLADYS HORN, DAVID HORN, JR.,
DIANA HORN and PATRICIA HORN

                 Plaintiffs,

                                                                           **Answer**

      -against-                                                 07 Civ. 7822 (KMK)

NEW YORK STATE TROOPER RICHARD
O'BRIEN, NEW YORK STATE TROOPER
TIMOTHY SAMMON, CITY OF YONKERS
POLICE OFFICER ROY PILOT, CITY OF
YONKERS POLICE OFFICER KEVIN WISSNER
and CITY OF YONKERS POLICE DETECTIVE
WILLIAM CRAFT,

                 Defendants.
-----------------------------------------------------------------X

       State Defendants, Richard O'Brien and Timothy Sammon ("defendants"), by their attorney ANDREW M. CUOMO, Attorney General of the State of New York, for an answer to plaintiffs' complaint state as follows:

       1.     Deny any and all allegations of plaintiffs except to the extent admitted below.

       2.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18, 27.

       3.     As to the allegations in paragraph 1, admit that on March 19, 2005, plaintiff Horn was shot and killed following a motor vehicle chase, but deny that either defendant violated any constitutional rights of plaintiffs and deny any wrongdoing by defendants.

4. As to the allegations in paragraph 2, admit that plaintiffs are bringing this action pursuant to the federal statutes listed therein, but deny that plaintiffs properly state a federal cause of action and deny that this Court has jurisdiction over plaintiffs' pendent state law claims as plaintiffs fail to state a constitutional violation.

5. As to the allegations in paragraph 3, admit that if plaintiffs had properly stated a federal cause of action, this Court would have jurisdiction over such action pursuant to the statutes cited therein.

6. As to the allegations in paragraphs 14 and 15, admit that at all times relevant to the claims in the complaint, defendants were New York State Troopers and were acting under color of state law.

7. Admit the allegations in paragraphs 19, 20, 21 and 22, but deny that defendants violated any constitutional rights of plaintiffs and deny any wrongdoing by defendants.

8. As to the allegations in paragraphs 23, 25, 26, 31, 32, 33, plaintiffs are making legal arguments and no response is required. To the extent that a response is required, deny any wrongdoing by defendants.

9. As to the allegations in paragraphs 29 and 30, admit that the claims stated therein are made by plaintiffs, but deny knowledge or information sufficient to form a belief as any of the damages claimed by plaintiffs, deny that plaintiff states a federal or state constitutional or statutory claim, and deny any wrongdoing by defendants.

10. As to the allegations in the paragraph following the "WHEREFORE" clause, deny that plaintiffs are entitled to any such relief and deny any wrongdoing on the part of defendants.

## **DEFENSES**

### FIRST DEFENSE

11. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

12. Defendants acted under the objectively reasonable belief that their acts were proper and in accord with clearly established law, and therefore, they are entitled to qualified immunity.

### THIRD DEFENSE

13. The alleged injuries sustained by plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct defendants are not responsible.

### FOURTH DEFENSE

14. Plaintiffs' claims for monetary damages are barred by operation of the Eleventh Amendment of the United States Constitution.

### FIFTH DEFENSE

15. Any damage allegedly suffered in this matter by the plaintiffs is solely and exclusively the product of plaintiff Horn's own conduct.

### SIXTH DEFENSE

14. The alleged conduct was properly within the discretionary authority committed to defendants to perform their official function, and the relief prayed for would constitute an improper intrusion into said discretional authority.

### SEVENTH DEFENSE

15. Principles of comity bar plaintiffs' claims against defendants.

### EIGHTH DEFENSE

16. Plaintiffs' claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel.

### NINTH DEFENSE

17. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### TENTH DEFENSE

18. Plaintiffs' claims are barred, in whole or in part, because they are moot.

WHEREFORE, plaintiffs' complaint should be dismissed with prejudice and defendants should be awarded their costs and reasonable attorney fees for responding to plaintiffs' unwarranted action, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
December 19, 2007

ANDREW M. CUOMO
Attorney General of the
State of New York
<u>Attorney for Defendants</u>
By:

_____
Susan H. Odessky
120 Broadway
New York, New York 10271
(212) 416-8572