Frank J. Rubino
Corporation Counsel of the City of Yonkers
City Hall, Room 300
Yonkers, New York 10701
914-377-6237
By: Michael Levinson
Associate Corporation Counsel (ML 3968)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHESTER HORN, INDIVIDUALLY, and as ADMINSTRATOR
OF THE ESTATE OF DAVID HORN, GLADYS HORN,
DAVID HORN, JR., DIANA HORN and PATRICK HORN,

                                            Plaintiffs,

                              **ANSWER**

           -against-

                            07 CIV 7822 (KMK)

NEW YORK STATE TROOPER RICHARD O'BRIEN, NEW
YORK STATE TROOPER TIMOTHY SAMMON, CITY OF
YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS
POLICE OFFICER KEVIN WISSNER AND CITY OF YONKERS
POLICE DETECTIVE WILLIAM CRAFT.

                                            Defendants.
------------------------------------------------------------------------X

      Defendants, CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER AND CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT, by their attorney, FRANK J. RUBINO, Corporation Counsel of the City of Yonkers, as and for their Answer to the Complaint respectfully allege as follows:

      FIRST: Denies upon information and belief, each and every allegation set forth in paragraphs designated "1" and "23" of the Complaint and respectfully refers all questions of law to the Court.

SECOND: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraphs designated "2", "3", "4", "5" and "22" of the Complaint and respectfully refers all questions of law to the Court.

THIRD: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraphs designated "7", "8", "9", "10", "11", "12", "13", "14", "15", "20" of the Complaint.

FOURTH: Denies upon information and belief, each and every allegation set forth in paragraph designated "6" and "21" of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

FIFTH: Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "24" of the Complaint with the same force and effect as though fully set forth herein at length.

SIXTH: Denies upon information and belief, each and every allegation set forth in paragraphs designated "25" and "26" of the Complaint and respectfully refers all questions of law to the Court.

SEVENTH: Denies upon information and belief, each and every allegation set forth in paragraph designated "27" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

EIGHTH: Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "28" of the Complaint with the same force and effect as though fully set forth herein at length.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "29" of the Complaint and respectfully refers all questions of law to the Court.

TENTH: Denies upon information and belief, each and every allegation set forth in paragraphs designated "30" and "31" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING THE THIRD CAUSE OF ACTION

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "32" of the Complaint and respectfully refers all questions of law to the Court.

TWELFTH: Denies upon information and belief, each and every allegation set forth in paragraph designated "33" of the Complaint.

THIRTEENTH: Deny all allegations in the "WHEREFORE" portions of the Complaint, except those conclusions of law which accordingly require no response; and except admits that Plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTEENTH: The plaintiff decedent DAVID HORN was guilty of negligence and culpable conduct which wholly and totally caused the injuries and damages alleged in the Plaintiff's Complaint, without any negligence or culpable conduct, active or passive, on the part of the Defendants, CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER AND CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT, contributing thereto.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTEENTH: That the injuries and damages alleged in the Complaint, same were caused in whole or in part by the culpable conduct and/or negligence of plaintiff decedent and these defendants are entitled to judgment assessing and fixing the culpable conduct of plaintiff decedent contributing to said injuries and damages in proportion to plaintiff decedent's culpable conduct as determined at trial.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTEENTH: Defendants acted under the objectively reasonable belief that their acts were proper and in accord with clearly established law, and therefore, they are entitled to qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTEENTH: Plaintiffs failed to effectuate proper service of process and the Court lacks personal jurisdiction over the defendants, CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER AND CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTEENTH: That the Complaint fails to allege sufficient facts to state any cause of action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

NINETEENTH: This action is barred, in whole or in part, by the applicable statute of limitations governing the commencement of actions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

TWENTIETH: Defendants acted properly within the discretionary authority accorded them in furtherance of their official duties.

### AS AND FOR A CROSS-CLAIM AGAINST THE DEFENDANTS, NEW YORK STATE TROOPER RICHARD O'BRIEN and NEW YORK STATE TROOPER TIMOTHY SAMMON

TWENTY-FIRST: That if the Plaintiffs were caused to sustain damages, as alleged in the Verified complaint, through any negligence other than the Plaintiff decedent's own conduct and if the Defendants, CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER AND CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT, are held liable to the plaintiffs herein by operation of law or otherwise, then these answering Defendants are entitled to judgment over against the Defendants, NEW YORK STATE TROOPER RICHARD O'BRIEN and NEW YORK STATE TROOPER TIMOTHY SAMMON, for the entire amount of Plaintiffs' recovery or for that portion of said recovery caused by the conduct of the Defendants, NEW YORK STATE TROOPER RICHARD O'BRIEN and NEW YORK STATE TROOPER TIMOTHY SAMMON, together with the costs and expenses, including attorney's fees, incurred by the answering Defendants in the defense of this action.

WHEREFORE, the Defendants, CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER AND CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT, demand judgment dismissing the Verified Complaint herein with costs and disbursements and moreover, demand that the ultimate rights of the Defendants as between themselves be determined in this action

and that the Defendants, CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER AND CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT, have judgment over against the Defendants, NEW YORK STATE TROOPER RICHARD O'BRIEN and NEW YORK STATE TROOPER TIMOTHY SAMMON, for all or portion of any verdict or judgment which may be obtained by the Plaintiffs herein against the Defendants, CITY OF YONKERS POLICE OFFICER ROY PILOT, CITY OF YONKERS POLICE OFFICER KEVIN WISSNER AND CITY OF YONKERS POLICE DETECTIVE WILLIAM CRAFT, together with the costs and disbursements of this action, including attorney's fees.

Dated:   January 24, 2008
        Yonkers, New York

                Frank J. Rubino
                Corporation Counsel of the City of Yonkers
                City Hall, Room 300
                Yonkers, New York 10701
                914-377-6237

                _____
                By:  Michael Levinson
                Associate Corporation Counsel (ML 3968)

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2008 I caused a true and correct copy of the foregoing Defendants' Answer to be served by mail upon:

Michael P. Barnes
Attorney for Plaintiff
89 Fifth Avenue, Suite 900
New York, New York 10003

Andrew M. Cuomo
Attorney General of the State of New York
Attorney for Defendants O'Brien and Sammon
120 Broadway
New York, New York 10271

Dated: Yonkers, New York
January 24, 2008

_____
Michael Levinson, Esq. (ML3968)