**SO ORDERED:**
/s/ George A. Yanthis
Hon. George A. Yanthis
United States Magistrate Judge
5/5/08




U.S. DISTRICT COURT FILED MAY 05 2008 S.D. OF N.Y.

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

# MEMO ENDORSED

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

April 28, 2008

By Facsimile at (914) 390-4095 to:
The Honorable George A. Yanthis
United States District Magistrate Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

RECEIVED
APR 29 2008
CHAMBERS OF
GEORGE A. YANTHIS
U.S.M.J.

Re: Horn v. O'Brien et al.
07 Civ. 7822 (KMK)(GAY)

Your Honor:

    I am an Assistant Attorney General in the Office of Andrew M. Cuomo, Attorney General of the State of New York, counsel for state defendants Richard O'Brien and Timothy Sammon. I write to respectfully request that the Court issue a stay of discovery as to defendant O'Brien, as Investigator O'Brien, a reservist in the United States Army, has been called to active duty and has been deployed to Afghanistan. Accordingly, Investigator O'Brien is unable to meaningfully participate in his defense and a stay of discovery should be granted as to him for the reasons set forth below.

    The Servicemembers Civil Relief Act, 50 Appx. U.S.C. §501 et al., formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940, states as its purpose: "to enable (servicemembers) to devote their entire energy to the defense needs of the Nation and to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of service members during their military service." 50 Appx. U.S.C. §502. Section 522 of the act authorizes the Court to grant a stay of proceedings when the servicemember has notice. The stay applies to "any civil action or proceeding, including any child custody proceeding, in which the plaintiff or defendant at the time of filing any application under this section (1) is in military service or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding." 50 Appx. U.S.C. §522(a).

    In the 1940s, courts recognized that the act served to authorize and direct courts to intervene to ensure that the rights and remedies of such defendants should not be impaired or jeopardized in

120 Broadway, New York, N.Y. 10271-0332 ▪ Phone (212) 416-8610 ▪ Fax (212) 415-5075 ▪ Not For Service of Papers
http://www.oag.state.ny.us

[Handwritten margin note: Stay granted as to defendant O'Brien. Advise Court of his status within 1 year of this date.]

the consequence of their military service. <u>Syracuse Sav. Bank v. Brown</u>, 181 Misc. 999, 42 N.Y.S.2d 156 (1943). More recent case law in the Southern District reflects a trend favoring staying proceedings in civil actions as to a defendant who is on active duty because the absence of that party would "materially affect his ability to conduct his defense." <u>Franklin v. Balestrieri</u>, 2002 U.S. Dist. LEXIS 458 at *2 (S.D.N.Y. Jan. 14, 2002). In <u>Kee v. Hasty</u>, 2004 U.S. Dist. LEXIS 6385, at *21-22 (S.D.N.Y. Apr. 14, 2004), the court denied a motion for default judgment against a defendant who was serving in the Air Force and stayed the action pending the defendant's return from his military service. There, the court only required updates as to the defendant's military status. <u>Id.</u> Courts have granted stays of proceedings, finding that the current war on Iraq and the national war on terror encourages judges to protect those in the military unable to meaningfully participate in proceedings against them. <u>In Re Templehoff</u>, 339 B.R. 49, 53 (Bank. Ct. S.D.N.Y. 2005). In <u>Allah v. Goord</u>, 405 F. Supp.2d 265 (S.D.N.Y. 2005), Judge Scheindlin granted a stay of the proceeding in an action pursuant to 42 U.S.C. §1983 action and the Americans with Disabilities Act brought by an inmate against corrections officers because one of the officers, who had not yet been served, was called to active military duty indefinitely and was, therefore, unable to participate in his own defense. <u>Id.</u> at 270, n.2.

Here, Investigator O'Brien was served with the complaint in this action, and subsequently submitted an answer to the complaint. Following his submission of that answer and before the commencement of discovery, Investigator O'Brien was summoned to active duty as part of the United States Army's 106th Regiment. He was ordered to report to Fort Bragg in January of 2008. I was informed by Investigator O'Brien, as well as by his New York State Police supervising sergeant, that sometime during the beginning of April 2008 (on a date that could not be revealed to me for security reasons), Investigator O'Brien's regiment was deployed to active combat duty in Afghanistan. The period of active duty is described on the Orders received by Investigator O'Brien as "not to exceed 400 days." A copy of the Orders received by Investigator O'Brien are annexed hereto for the Court's information. As Investigator O'Brien's status on active combat duty in Afghanistan makes it impossible for him to meaningfully participate in the discovery, I respectfully request that this Court grant a stay of all proceedings, including discovery, in this case as to him.

For all of the reasons stated above, I also respectfully seek to reserve Investigator O'Brien's right to reopen any portion of the discovery, including any deposition, or any other proceedings in this action that he was unable to participate in because of his participation in active military service.

By making this request, I am not waiving any substantive or procedural defenses that Investigator O'Brien may have to this action. <u>See</u> 50 Appx. §522(d).

I will be happy to provide the Court with periodic updates as to the military status of Investigator O'Brien. I thank the Court for its consideration in this matter.

          Respectfully submitted,

          *Susan H. Odessky*

          Susan H. Odessky
          Assistant Attorney General
          (212) 416-8572

Encs.

cc: **Via Facsimile at (201) 221-8665 to:**
    Michael P. Barnes, Esq., Counsel for Plaintiffs
    Counsel for Plaintiffs

    **Via Facsimile at (914) 964-0563 to:**
    Michael Levinson, Esq.
    Associate Corporation Counsel
    Counsel for Co-defendants

OFFICE OF THE ADJUTANT GENERAL
STATE OF NEW YORK
330 OLD NISKAYUNA ROAD
LATHAM, NEW YORK 12110-2224

ORDERS 351-212                                            17 December 2007

OBRIEN RICHARD D     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 CPT   HQS 106TH REGIMENT (FWD2)
(8GNY2-113) BLDG 508 CAMP SMITH        CORTLANDT MANOR  NY      10567

You are ordered to active duty as a member of your Reserve Component Unit for
the period indicated unless sooner released or unless extended. Proceed from
your current location in sufficient time to report by the date specified.
You enter active duty upon reporting to unit home station.

REPORT TO HOME STATION: 17 January 2008 , CORTLAND MANOR
REPORT TO MOB  STATION: 20 January 2008 , Ft Bragg
Period of active duty: Not to exceed  400 days
Purpose: IN SUPPORT OF OPERATION ENDURING FREEDOM
Mobilization Category Code: G
Additional instructions:
  (a) You are ordered to active duty for a period of less than 30 days for mob-
      ilization processing that includes medical & dental screening and/or care.
  (b) If upon reporting for duty you fail to meet deployment medical standards
      (whether because of a temporary or permanent medical condition, you may be
      released from active duty, returned to your prior reserve status, and
      returned to your home address, subject to a subsequent order to active
      duty upon resolution of the disqualifying medical condition.
  (c) Pursuant to Presidential Executive Order of 14 Sep 01, you are relieved
      from your present reserve component status and ordered to active duty not
      to exceed 25 days for mobilization processing. Proceed from your present
      location in sufficient time to report by the date specified.
  (d) This is not a permanent change of station (PCS), normal PCS entitlements
      and allowances and relocation of family members are not authorized.
      Soldiers are deployed in a TCS status/unit members will travel as a group.
  (e) The soldier will be excluded from the Active Army end-strength per section
      115, title 10, USC, and will not be placed on the active duty list
      (sections 641 (1)(D) and 620 (a), Title 10, USC).
  (f) Call 1-800-336-4590 (National Committee for Employer Support of the Guard
      and Reserve) or check on line at www.ESGR.org if you have questions
      regarding your employment/reemployment rights.
  (g) You are ordered to active duty with the consent of the Governor of New
York
  (h) Storage of household goods and POV is authorized at government expense.
  (i) If commercial mode of travel is used, individual soldier is authorized
      excess baggage.
  (j) POV is authorized as transportation under JFTR, para D3310. There is NO
      authorization for in and around mileage under this authorization.
  (k) Meals and lodging will be provided at no cost to the Soldier. Claims for
      reimbursement require a statement of non-availability control number.
  (l) For unresolved pay issues, contact the ARNG Pay Ombudsman at toll-free
      1-877-ARNGPAY or by email at ARNG-MILPAY@ARNG-PSC.NGB.ARMY.MIL

```
ORDERS  351-212  HQ NY NG, OTAG,  17 December 2007

FOR ARMY USE
Auth: 10 USC 12302 FUSA Perm Order #1A-07-243-042, dated 31 Aug 2007
     Amendment #1A-07-243-042(A1), dtd 01 Dec 2007
     Amendment #1A-07-243-042(A2), dtd 12 Dec 2007
Acct clas:
 Off pay/alw: 2182010.0000 01-1100 P1W1C00 11**/12** VFRE F3203 5570 S12120
 Off tvl/pd:  2182020.0000 01-1100 P135198 21**/22**/25** VFRE F3203 S12120(OEF)
 Off pay/alw: 2192010.0000 01-1100 P1W1C00 11**/12** VFRE F3203 5570 S12120
 Off tvl/pd:  2192020.0000 01-1100 P135198 21**/22**/25** VFRE F3203 S12120(OEF)
Sex: M
MDC: PM
PMOS/AOS/ASI/LIC: 11A , 5K , YY
HOR: 29 PLEASANT AVE        , WALDEN        NY12586
DOR: 16-JUL-04
PEBD: 15-JUL-87
Security Clearance: S
Comp: ARNGUS
Format: 165

FOR THE ADJUTANT GENERAL:

                                    \\\\\\\\\\\\\\//////////////
                                    \\    HQ, NYARNG          //
                                    \\      OFFICIAL          //
                                    \\\\\\\\\\\\\\//////////////
DISTRIBUTION:                       JAMES C. LETTKO
MNAR-MP, MNPF, MNPF-CO(MP)          COL, EN, NYARNG
MNAR-TR                             Director Military Personnel
UNIT AND INDIV
MACOM
```

## ** MESSAGE **

[RECEIVER]

Fax:919143904095

[SENDER]

Fax:

_____

[MESSAGE]




_____



# STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL
## ANDREW M. CUOMO

# FACSIMILE TRANSMISSION

DATE __April 28, 2008__                    NUMBER OF PAGES __6__
                                           (INCLUDING THIS PAGE)

TO __Honorable George A. Yanthis__   FAX NO. __(914) 390-4095__

FROM __Susan H. Odessky, AAG__

CC __Michael P. Barnes, Esq.__       FAX NO. __(201) 221-8665__

CC __Michael Levinson, Esq.__        FAX NO. __(914) 964-0563__

**REMARKS**

Re:   <u>Horn v. O'Brien, et al.</u>, 07 CV 7822 (KMK)

---

*IF THERE IS A PROBLEM WITH THIS TRANSMISSION, PLEASE CONTACT*

| NAME __Susan Odessky__ | OFFICE __24A42__ |
|---|---|
| TELEPHONE NO. ( 212 ) __416-8572__ | FAX NO. ( 212 ) __416-6075/6076__ |

## CONFIDENTIAL

The information contained in this facsimile is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this is strictly prohibited.

*IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE. THANK YOU.*

120 BROADWAY, NEW YORK, NY 10271-0332

OAG 007 (12/98)